Joseph A. Santry, Esq. City Attorney, Little Falls
You have asked whether the office of mayor is compatible with the position of employee of the city's recreation commission.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
You note in your letter Informal Opinion No. 86-8 in which we concluded that the position of city council member is compatible with the position of employee of the recreation commission. In that opinion, we noted that under the city's bureaucratic structure, the city council is insulated from administrative decisions concerning personnel of the recreation commission. This is not true with respect to the office of mayor. The members of the recreation commission are appointed by the mayor and serve for five year terms (City of Little Falls Code). The terms are staggered so that one commission position expires each year (ibid.). Vacancies in the commission are also filled by the mayor (ibid.). The recreation commission is responsible for the establishment and maintenance of playgrounds and recreation centers, including the employment of necessary personnel. You have informed us that the recreation commission sets the salaries of its employees within budgetary limitations.
Thus, the mayor has the authority to appoint recreation commissioners and would, as an employee of the recreation commission, answer directly to the commissioners. The commissioners would directly supervise his employment and would establish his salary. In our view, the holding of these two offices would create potential for bias both on the part of the mayor in his appointment of the commissioners and on the part of the commissioners in supervising and establishing the salary of the mayor, as an employee of the commission. Even if there is no actual bias, the holding of these two positions creates an appearance of impropriety.
We conclude that a person may not simultaneously serve as mayor of the City of Little Falls and as an employee of the city's recreation commission.